IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


ARGONAUT INSURANCE
COMPANY, as successor by merger with
FARM FAMILY CASUALTY          :
INSURANCE COMPANY             :
24 E. Washington Street       :
Suite 950                     :
Chicago, IL 60602             :
                              :    CIVIL ACTION NO. _____
            Plaintiff         :
                              :
                              :
     v.                       :
                              :
FLOOR SKINZ LLC               :
168 Richards Rd               :
Bridgeton, NJ 08302-5961      :
                              :
MICHAEL IPPOLITO              :
2971 S. Main Road             :
Vineland, NJ 08360            :
                              :
GARY WIMBERLY                 :
2428 Willow Glen Drive        :
Lancaster, PA 17602           :
                              :
and                           :
                              :
DANIEL HAER                   :
168 Richards Road             :
Bridgeton, NJ 08302           :
                              :
            Defendants        :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Argonaut Insurance Company, as successor by merger with Farm Family

Casualty Insurance Company ("Argonaut" or "Plaintiff"), by and through its undersigned counsel,

Thomas, Thomas & Hafer, LLP, hereby files the within Complaint for Declaratory Relief pursuant

to 28 U.S.C. § 2201, *et seq.,* and in support thereof states as follows:

THE PARTIES

1.      Plaintiff, Argonaut Insurance Company is a Nebraska company with a principal place of business located at 24 E. Washington Street, Suite 950, Chicago, Illinois, 60602.

2.      Defendant Floor Skinz, LLC ("Floor Skinz") is a New Jersey limited liability company with an address located at 168 Richards Road, Bridgeton, New Jersey 08302.

3.      Defendant Michael Ippolito is an adult individual with an address located at 2971 S. Main Road, Vineland, New Jersey 08360, and at all times pertinent hereto was a member and/or employee of Floor Skinz.

4.      Defendant Gary Wimberly is an adult individual with an address located at 2428 Willow Glen Drive, Lancaster, Pennsylvania 17602, and at all times pertinent hereto was a member and/or employee of Floor Skinz.

5.      Defendant Daniel Haer is an adult individual with an address located at 168 Richards Road, Bridgeton, New Jersey, 08302, and at all times pertinent hereto was a member and/or employee of Floor Skinz.

JURISDICTION AND VENUE

6.      This Court has jurisdiction over the dispute between the parties based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1) and (2), as Plaintiff is a citizen of the states of Nebraska and Illinois, and Defendants are not citizens of the same foreign state as Plaintiff.

7.      Upon information and belief, the claims of the plaintiff in the underlying action proceeding in Bucks County, Pennsylvania Court of Common Pleas, as described later in this Complaint, against the Defendants herein involve an amount in controversy in excess of the jurisdictional limit of $75,000.00.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the District of New Jersey including the issuance of insurance policies to a Defendant located in the State of New Jersey.

9. This Court has personal jurisdiction over the Defendants because the Defendants are citizens of the State of New Jersey and/or conduct business within the State of New Jersey and/or engaged in transactions within the State of New Jersey so as to be fairly subjected to personal jurisdiction in that state consistent with the considerations of due process.

10. An actual and justiciable controversy exists between the parties with respect to the rights of the parties under policies of liability insurance.

## FACTS

11. This matter arises out of a contract dispute relating to the provision of services by the Defendants for the installation of flooring at property owned by LBK Design Build, Inc. ("LBK"), the plaintiff in the underlying action pending in the Bucks County, Pennsylvania Court of Common Pleas at Docket No. 2024-06380. (*See* Complaint in the matter of *LBK Design Build, Inc. v. Floor Skinz, LLC, et al*., attached hereto as **Exhibit A**.)

12. In the underlying lawsuit, Plaintiff LBK Design Build, Inc. alleges that it "operates a 'showroom' of its product and service offerings" and that "Defendant Floor Skinz is apparently in the business of, in part, providing high-end epoxy and concrete flooring, and related general contracting services." (*See* id. ¶ 10-13.)

13. It is further alleged that the defendants including "the operators, partners, members, and/or managing members of Floor Skinz, represented to Plaintiff that Defendants had the ability and willingness to install a 'high-end' floor surface at Plaintiff's Showroom, as well as the expertise, willingness, and ability to efficiently complete all work related to the work requested

by Plaintiff" and that "all work for the project would be completed in a professional and workmanlike manner, and in a manner such as to ensure the flooring was suitable for Plaintiff's intended use." (*See id.* ¶¶ 14-19.)

14.     The complaint further asserts that "Defendants made the aforementioned representations to induce Plaintiff to engage Floor Skinz (and in turn all Defendants) for the work desired by Plaintiff at Plaintiff's Showroom" and that "all work at the Showroom would carry a three (3) year warranty." (*See id.* ¶¶ 20-23.)

15.     Plaintiff contends that "[b]ased upon the aforementioned representations, Plaintiff engaged Floor Skinz to perform work relative to installing new flooring in Plaintiff's Showroom," which "included, among other things, the pouring of concrete and use of other materials to create a floor that was both functional and provided a 'high end' appearance with a 'mirror like' finish, all of which was consistent with Plaintiff's branding, image, and reputation (collectively, the "Project")." (*See id.* ¶¶ 24-26.)

16.     The complaint alleges, however, that "[t]here were various issues that arose during the performance of Defendants' work on the Project…[which] included, for example and without limitation, the manner and method in which Defendants were installing the concrete base for the flooring." (*See id.* ¶¶ 33-34.)

17.     It is further asserted that "the issues which Defendants represented, assured, guaranteed, and/or promised would be addressed or otherwise corrected were never fixed, and the Project was never properly completed" and that "during the duration of the Project, Defendants were falsely claiming that Plaintiff was responsible for certain additional charges for what Defendants claimed to be 'out of scope' work and changes to the Project." (*See id.* ¶¶ 50-51.)

18.     The complaint also alleges that "Defendants were inflating bills and taking such other action to increase the costs to Plaintiff" and "that Defendants eventually claimed to have 'completed' the Project, despite there being various issues which remained uncorrected, all despite Defendants' promises, assurances, guarantees, and representations."  (*See id.* ¶¶ 52-58.)

19.     LBK contends that "despite the agreement and assurances that Plaintiff would receive a 'high end' floor with a 'mirror like' appearance, Defendants provided flooring which had a shoddy finish, various marks, lining, and scratching" and that "the coloring of the floor was inconsistent with what was expected and agreed to" and "the floor is cracking, pitting, and otherwise showing signs of failing."  (*See id.* ¶¶ 59-61.)

20.     The complaint claims that "the cracking, pitting, and other signs of failure are the result of Defendants' inability and failure to sufficiently complete the work requested by Plaintiff, all despite Defendants' representations, promises, guarantees, and assurances during the duration of Defendants' work on the Project," and that the "The Project was also not completed in accordance with industry standards." (*See id.* ¶¶ 62-66.)

21.     LBK asserts that "Defendants have failed and refused to rectify the issues with the Project or otherwise honor the aforementioned warranty, or their representations, promises, guarantees, or assurances." (*See id*. ¶¶ 70-73.)

22.     Based on those allegations, LBK seeks recovery under counts labeled Fraud, Breach of Contract, and Unjust Enrichment; however, other than the allegedly deficient flooring there is no allegation of defects or damage to any other property.

23. Upon information and belief, discovery has been completed in the underlying action, and there remains no allegation of damage or defects in any property other than the flooring installed by Floor Skinz.

24. Prior to the events giving rise to the underlying action filed by LBK, Farm Family Insurance Company had issued two policies of insurance to named insured, Floor Skinz LLC: a Businessowners policy (No. 2901X6919) and a Commercial Umbrella policy (No. 2901E2711). (See Businessowners Policy, attached hereto as **Exhibit B**, and Commercial Umbrella Policy, attached hereto as **Exhibit C**.)

25. The Businessowners Coverage policy issued to named insured Floor Skinz LLC at the address of 168 Richards Rd, Bridgeton, NJ 08302-5961, provides in pertinent part as follows:

**A. Coverages**

**1. Business Liability**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply….

    ….

    **b.** This insurance applies:

        **(1)** To "bodily injury" and "property damage" only if:

            **(a)** The "bodily injury" or "property damage" is caused by an

"occurrence"….

(See **Exhibit B** at Form BP 00 03 07 13 at page 35 of 53.)

26. The Policy also sets forth various exclusions, including the following:

**B. Exclusions**

1. Applicable To Business Liability Coverage
This insurance does not apply to:

a. Expected Or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the

cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

….

k.     Damage To Property
"Property damage" to:
….
(5)     That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
….

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

l.     Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

m.     Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the

damage arises was performed on your behalf by a subcontractor.

….

n.      Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

….

(See **Exhibit B** at Form BP 00 03 07 13 at pages 37-41 of 53.)

27.      Similar to the underlying Businessowners policy, the Commercial Umbrella Liability policy provides as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the

insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

….

c.      This insurance applies to "bodily injury" and "property damage" only if:

(1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)      The "bodily injury" or "property damage" occurs during the policy period….

….

**2.      Exclusions**

This insurance does not apply to:

**b.      Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)      That the insured would have in the absence of the contract or agreement; or

(2)      Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party

other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

….

**m.    Damage To Property**
"Property damage" to:

….

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**n.    Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**o.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "product-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

(See **Exhibit C** at Form CU 00 01 04 13 at pages 1-5 of 18.)

28.     The Businessowners policy and the Commercial Umbrella Liability policy also include the following definitions:

"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.      It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.      You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

(1)     The repair, replacement, adjustment or removal of "your product" or "your work"; or

(2)     Your fulfilling the terms of the contract or agreement.

"Insured contract" means:

….

g.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.    False arrest, detention or imprisonment;

b.    Malicious prosecution;

c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.    The use of another's advertising idea in your "advertisement"; or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

    ....

"Products-completed operations hazard":

a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)    Products that are still in your physical possession; or

(2)      Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

     (a)      When all of the work called for in your contract has been completed.

     (b)      When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

     (c)       When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

…..

"Property damage" means:

a.      Physical injury to tangible property, all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

"Suit" means:

a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged….

"Your product":

a.      Means:

       (1)     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
           (a)     You;
           (b)     Others trading under your name; or
           (c)     A person or organization whose business or assets you have acquired; and

       (2)     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.      Includes:

       (1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

       (2)     The providing of or failure to provide warnings or instructions.

c.      Does not include vending machines or other property rented to or located for the use of others but not sold.

"Your work":

a.      Means:
       (1)     Work or operations performed by you or on your behalf; and
       (2)     Materials, parts or equipment furnished in connection with such work or operations.

….

(See **Exhibit B** at Form CU 00 01 04 13 at pages 1-5 of 18 and **Exhibit C** at Form BP 00 03 07 13 at pages 48-51.)

29. Following receipt of service in the underlying action, request was made on behalf of the Defendants for coverage in respect to the claims asserted in the underlying lawsuit.

30. In response to that request, Argonaut offered to and is currently providing a defense of the Defendants subject to a reservation of rights to deny coverage and withdraw the defense due to the allegations of claims not subject to coverage under the policy. (See Reservation of Rights letter dated October 30, 2024, attached hereto as **Exhibit D**.)

COUNT I: DECLARATORY RELIEF

31. Argonaut incorporates herein by reference all prior paragraphs of this Complaint as if set forth at length herein.

32. An actual controversy exists as to whether, based upon the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the Policies at issue, Argonaut has an obligation to defend and indemnify Defendants for the claims asserted against them in the underlying lawsuit.

33. Argonaut seeks a declaration that it owes no coverage to Defendants for the claims asserted in underlying lawsuit based on the express terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the Policy at issue.

34. As quoted above, the policies provide liability coverage for those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage caused by an "occurrence." And an occurrence is defined in relevant part as an "accident."

35. A commercial general liability policy generally does not provide coverage for faulty workmanship which requires only replacement or repair of the work performed by an

insured pursuant to the terms of a contract. Nor does it serve as a performance bond or a guaranty of goods or services.

36.    Claims premised on faulty work being performed by an insured and the need to replace that very work do not constitute an "accident" sufficient to constitute an "occurrence" under such a policy.

37.    Likewise, intentional acts of deception also do not constitute accidents so as to qualify as an occurrence so as to come within coverage.

38.    Additionally, as quoted above, the policies expressly exclude coverage for property damage to that particular part of real property on which the insured or its subcontractors are performing operations, if the property damage arises out of those operations.  Coverage is also excluded for damage to that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

39.    As stated in its complaint, LBK is seeking recovery for the alleged failure of the Defendants to complete the agreed-upon construction work as originally promised and for allegedly engaging in deceptive acts in relation to that promised work; as a result, LBK claims the need to have the work repaired or replaced, and there is no allegation that the work of the insured caused any accidental damage to third-party property, other than that upon which the insured was hired to perform its work.

40.    Additionally, LBK is apparently contending that "consequential damages" are being sought for lost revenue during the time the showroom would need to be closed in order to remedy the defective work; however, such costs that are incurred in order to correct defective work would not qualify as resulting damage to property beyond the scope of the insured's work so as to result in an occurrence under the policies.

41.    Thus, because LBK's claims are premised on allegedly faulty work being performed by the Defendants and the need to replace that very work, no accident resulting in damage to other property has been alleged that is sufficient to constitute an "occurrence" under the policies; accordingly, there is no coverage under the policies for defense or indemnification against the asserted claims pending in the underlying action.

42.    Further, even if accidental property damage had been alleged in the underlying action, which it has not, the policies, as noted, expressly exclude coverage for damage to that particular part of real property on which the insured or its subcontractors are performing operations, if the property damage arises out of those operations; or that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

43.    Punitive damages are also expressly excluded under the policies.

44.    Under the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language in the policies issue, coverage is excluded for the claims asserted and at issue in the underlying lawsuit

45.    Argonaut reserves the right to amend and/or supplement the allegations with regard to coverage as this litigation progresses.

**WHEREFORE**, Argonaut respectfully requests Declaratory Relief, pursuant to applicable law, in the form of an Order that:

a.    Aroganut Insurance Company has no duty under Businessowners policy (No. 2901X6919) or Commercial Umbrella policy (No. 2901E2711), or otherwise,   to defend or to pay defense costs to or on behalf of FLOOR SKINZ LLC MICHAEL IPPOLITO, GARY WIMBERLY, or DANIEL HAER, in relation to any and all claims asserted in the underlying litigation in the Bucks County, Pennsylvania Court of Common Pleas at Docket No. 2024-06380.

b.      Argonaut Insurance Company has no duty under Businessowners policy (No. 2901X6919) or Commercial Umbrella policy (No. 2901E2711), or otherwise,    to indemnify FLOOR SKINZ LLC, MICHAEL IPPOLITO, GARY   WIMBERLY, or DANIEL HAER, in relation to any and all claims asserted in the underlying litigation in the Bucks County, Pennsylvania Court of Common Pleas at Docket No. 2024-06380.

and

c.      Any and all other relief deemed just and proper by this Honorable Court.


Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

/s/ *Gregory C. Kunkle*
_____

Gregory C. Kunkle, Ph.D., Esquire
1550 Pond Rd., Suite 210
Allentown, PA 18104
610-332-7015
gkunkle@tthlaw.com
Attorney Identification No. 90005
*Attorneys for Plaintiff,*
DATE: 3/10/2026          *Argonaut Insurance Company*